UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAFIQ JONES, | CASE NO. 1:19CV159 |
| Petitioner, | JUDGE JEFFREY J. HELMICK |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| DAVID W. GRAY, WARDEN, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

This case, filed pursuant to 28 U.S.C. § 2254, is before me pursuant to Local Rule 72.2. Pending is Rafiq Jones's Petition for Writ of Habeas Corpus (Doc. 1), Respondent's Return of Writ (Doc. 8), and Mr. Jones's Traverse (Doc. 12). For the following reasons, I **RECOMMEND** the Court overrule each ground asserted in the Petition, and thus dismiss it in its entirety.

## FACTUAL BACKGROUND

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in a proceeding for a writ of habeas corpus by a person in custody pursuant to a state court judgment, factual findings made by a state court in the petitioner's direct appeal are presumed correct. 28 U.S.C. § 2254(e)(1). Mr. Jones bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* Below is a summary of the state court's factual findings:

> [Mr. Jones] was indicted for conduct he committed on or about November 8, 1996. [He] was at Fox Haven Lounge (FHL) in Cleveland, OH where victim L.M. was a bartender. [Mr. Jones] and two other men had been sitting at FHL all evening when L.M. informed them it was last call. At approximately 2:30 am everyone else except [Mr. Jones] had left FHL and L.M. was locking up her register and on the phone with her husband. [Mr. Jones] went behind the bar, disconnected the phone, and started slapping L.M. saying

> "Bitch this is what you want. Shut up or I'm going to kill you." L.M. felt a gun on [Mr. Jones's] side and then [Mr. Jones] pushed L.M. to the floor. He pulled off her underwear and garter and then ripped out her tampon. L.M. was crying and begging him not to kill her. He then attempted to penetrate her vaginally with his non-erect penis. [Mr. Jones] poured beer on his penis to use "as a lubricant" and tried to penetrate L.M. again with his on-erect [*sic*] penis. L.M. continued to cry as [Mr. Jones] told her to shut up. [Mr. Jones] put his jeans back on and said "I thought this was what you wanted, don't you want this?" before running out the door, taking L.M.'s tip money.
>
> After the assault, L.M. contacted her boss's sister who had been at FHL and remembered seeing [Mr. Jones] based off L.M.'s description. A friend of L.M.'s then drove by, saw her car, and found L.M. crying and looking for her clothing. The friend called 911 and cops came to FXL [*sic*]. Cleveland Police Department conducted a crime scene investigation and took 12 photographs and lifted 3 fingerprints from a beer bottle handled by the offender. L.M. then went to MetroHealth Medical Center where a rape kit was done.
>
> Ohio Bureau of Criminal Investigation received the rape kit on September 27, 2002. No semen was found on L.M.'s articles of clothing. On May 26, 2016, the fingerprints from the beer bottle were matched to [Mr. Jones]. The case was indicted in October, 2016.

(State's Brief, Doc. 8, p. 44).

## STATE CONVICTION

On October 19, 2016, the Cuyahoga County Grand Jury indicted Mr. Jones on two counts of Rape (Ohio Rev. Code § 2907.02(A)(2)) (Counts 1 and 2), one count of Aggravated Robbery (Ohio Rev. Code § 2911.01(A)(1)) (Count 3), one count of Robbery (Ohio Rev. Code § 2911.02(A)(2)) (Count 4), and two counts of Kidnapping (Ohio Rev. Code § 2905.01(A)(4) and (A)(2)) (Counts 5 and 6). Each count contained two firearm specifications. (Doc. 8-1, Exhibit 1, pp. 74-79). Mr. Jones, through counsel, moved to dismiss all counts for pre-indictment delay. (Doc. 8-1, Exhibit 5, p. 89). Trial was set for April 11, 2017.

Mr. Jones entered into a plea agreement on the day of trial, but before the court heard arguments on his motion to dismiss for pre-indictment delay. He pled guilty to Counts 1 and 3,

amended to remove all firearm specifications. (Doc. 8-1, Exhibit 3, p. 82). Immediately after the trial court accepted Mr. Jones's guilty plea and set a date for sentencing, Mr. Jones denied raping the alleged victim. (Doc. 8-2, Exhibit 26, p. 298, 300). Through counsel, Mr. Jones orally requested to withdraw the plea. (*Id.* at p. 300). After inquiry, the trial court determined that "a change of heart is not a reason to withdraw [a] plea." (*Id.* at 304).

On April 13, 2017, Mr. Jones through counsel submitted a written motion to withdraw his guilty plea and successor counsel supplemented the motion on May 3, 2017. (Doc. 8-1, Exhibits 4 & 5, pp. 84, 88). The trial court denied the motion on May 4, 2017. (Doc. 8-1, Exhibit 7, p. 99).

Mr. Jones *pro se* moved to withdraw the plea on May 26, 2017. (Doc. 8-1, Exhibit 8, p. 100-03). The trial court did not rule on the *pro se* motion but addressed it at the sentencing hearing, stating

> Now, I want to inform you that when you have a lawyer, you are represented by that lawyer and the Court cannot consider *pro se* motions filed by yourself if you have a lawyer. You can't have what's called hybrid representation where you file things and Mr. Kelleher does. So it's considered as if it's not filed.

(Doc. 8-2, Exhibit 26, p. 307).

On June 20, 2017, the trial court sentenced Mr. Jones to ten years of incarceration as to each count and ordered the sentences to be served concurrently for an aggregate prison term of ten years. (Doc. 8-1, Exhibit 9, p. 104).

Mr. Jones (through successor counsel) timely filed a direct appeal alleging four assignments of error:

    **I.**    **The trial court committed prejudicial error by not conducting a hearing on Appellant's pre-sentencing motion to withdraw guilty pleas.**

    **II.**    **The trial court committed prejudicial error by denying Appellant's pre-sentencing motion to withdraw guilty pleas.**

3

.
.

> III. **Appellant's guilty pleas must be vacated because they were not made knowingly, intelligently, and voluntarily.**
>
> IV. **Appellant's conviction and sentence for aggravated robbery, as charged in amended Count III of the indictment, should be vacated and set aside because Count III, in both the original indictment and the amended indictment, is defective and fails to charge an offense under Ohio law because no person was named as the alleged victim.**

(Doc. 8-1, Exhibit 11, p. 124).

The Ohio Eighth District Court of Appeals affirmed the trial court's judgment. *State v. Jones*, 110 N.E.3d 1049 (Ohio Ct. App. 2018).

Mr. Jones filed a *pro se* Notice of Appeal with the Ohio Supreme Court (Doc. 8-1, Exhibit 15, p. 175). Mr. Jones requested that the Ohio Supreme Court consider three propositions of law:

> I. **In accordance with multiple rulings from this Court, are trial courts required to hold a hearing on a pre-sentence motion to withdraw a guilty plea? Did the trial court err when it denied Jones a hearing on the motion to withdraw his guilty plea after he informed the Judge that he was innocent? Moreover, did the trial court err in denying Jones' presentence motion to withdraw his guilty plea while the plea hearing was in session?**
>
> II. **Prior to or during a plea agreement, when the trial court incorrectly informs the Defendant of the potential maximum prison sentence and there are additional issues with the plea agreement, does it automatically void and invalidate the plea agreement as the plea agreement is not made knowingly, intelligently and voluntarially [sic]?**
>
> III. **Is an essential element of the Ohio Revised Code 2911.01 [Aggravated Robbery] the victims [sic] identity and should this identity be explicitly listed in the indictment?**

(*Id.*). The Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (Doc. 8-1, Exhibit 16, p. 208). *See State v. Jones*, 106 N.E.3d 66 (Ohio 2018) (table).

Mr. Jones *pro se* filed an application to reopen his direct appeal under Ohio App.R. 26(B) on October 18, 2018, claiming that appellate counsel provided ineffective assistance by not raising four additional assignments of error on appeal. (Doc. 8-1, Exhibit 17, p. 209). Those arguments were as follows:

> **I. Defendant's rights to the effective assistance of trial counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution were violated.**
>
> **II. The trial court abused its discretion when it did not issue a ruling on the Defendant's Motion to Dismiss the Indictment on grounds of preindictment delay.**
>
> **III. The trial court abused its discretion when it asked the Defendant to provide a sound legal reason for withdrawing his plea and Defendant responded that he did not commit the crime, this would satisfy an actual innocence claim and satisfy the Court's request.**
>
> **IV. The trial court abused its discretion when it placed undue pressure on the Defendant to accept the plea when it compared the threat of an exceptionally long prison sentence with that of a lenient plea bargain sentence.**

(*Id.* at 211). This appeal was not timely filed. *See State v. Jones*, No. 106027, 2018 WL 6433107 (Ohio Ct. App. Dec. 4, 2018).

The Eighth District Court of Appeals denied his motion without addressing its merits, stating that Mr. Jones failed to show good cause for his application's untimeliness. (Doc. 8-1, Exhibit 19, p. 224). He then filed a *pro se* motion for reconsideration of the appellate court's decision on December 18, 2018. (Doc. 8-1, Exhibit 20, p. 228). The appellate court denied Mr. Jones's motion for reconsideration. (Doc. 8-1, Exhibit 23, p. 241). Mr. Jones did not appeal either decision to the Ohio Supreme Court.

Mr. Jones *pro se* filed a petition in this Court for a writ of habeas corpus under 28 U.S.C. § 2254. He presents five grounds in support of this petition:

> **Ground One: Petitioner's guilty plea was not knowingly [*sic*] and voluntary under the Due Process Clause of the Fourteenth Amendment.**
>
> **Ground Two: As Petitioner's guilty plea was not knowingly and voluntary under the Due Process Clause of the Fourteenth Amendment the trial court committed prejudicial error by denying Petitioner's presentence motion to withdraw his Guilty Plea (in violation of the Due Process Clause).**
>
> **Ground Three: Petitioner was denied effective assistance of counsel at trial in violation of the Sixth Amendment.**
>
> **Ground Four: Petitioner was denied effective assistance of counsel on appeal in violation of the Sixth Amendment.**
>
> **Ground Five: Petitioner is actually innocent.**

(Doc. 1).

## AEDPA STANDARD

Under the AEDPA, state prisoners may seek federal habeas corpus relief on the ground that they are being held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The petitioner must overcome certain procedural barriers before a court will review the merits of a petition. "Procedural barriers, such as statutes of limitations, and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). The statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date the judgment became final. 28 U.S.C. § 2244(d)(1).

Ordinarily, the petitioner must first exhaust available state court remedies before seeking habeas relief. *Id.* §§ 2254(b), (c). The requirement is satisfied after the petitioner fairly presents all claims to the highest court in the state where petitioner was convicted, thus giving the state a full and fair opportunity to rule on the petitioner's claims. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Wilson v. Mitchell,* 498 F.3d 491, 498-99 (6th Cir. 2007).

6

In addition, the petitioner must meet the state's procedural requirements for presenting any federal claims. *Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991). Absent a showing of cause to excuse the defect and prejudice resulting therefrom or a finding of factual innocence, a federal court may not reach the merits of claims that have been procedurally defaulted in state court.[1] *Williams v. Anderson,* 460 F.3d 789, 805-06 (6th Cir. 2006); *Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir. 2006).

Under § 2254, habeas relief is not available with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). A decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme] Court on a question of law or if the state court decides a case differently than [the U.S. Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application "if the state court identifies the correct governing legal principle from [the U.S. Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

---

[1] A claim is procedurally defaulted if there is a state rule that the petitioner failed to follow, that the state courts actually enforced, and that constitutes an adequate and independent state ground to foreclose review of the federal constitutional claim. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986).

7

**GROUND ONE: KNOWING, INTELLIGENT, AND VOLUNTARY GUILTY PLEA**

Ground One in support of Mr. Jones's petition alleges that his guilty plea was not made knowingly, intelligently, and voluntarily. According to Mr. Jones, his plea was not voluntarily and intelligently made because the trial court (1) coerced his plea by improperly participating in negotiations and stating an inaccurate maximum penalty if he went to trial, (2) told Mr. Jones it would not entertain a plea to anything but the indictment after trial commenced, and (3) failed to ensure that Mr. Jones understood the nature of the charges to which he pled. (Doc. 1). Respondent argues that the appellate court's determination was neither an unreasonable application of U.S. Supreme Court precedent nor an unreasonable determination of the facts of record. (Doc. 8, p. 61). I recommend that Ground One be dismissed on the merits.

To comply with the Due Process Claus, a plea of guilty must be entered into knowingly and voluntarily and with sufficient awareness of the relevant circumstances and likely consequences. *Boykin v. Alabama*, 395 U.S. 238, 244 (1968). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart,* 474 U.S. 52, 55 (1985). Voluntariness must be determined by considering all the relevant circumstances surrounding the guilty plea. *Brady v. United States,* 397 U.S. 742, 749 (1970).

The voluntariness of a guilty plea presents a question of law, *Marshall v. Lonberger,* 459 U.S. 422, 431-32 (1983), but the state court's determination of underlying questions of fact receives deference under § 2254:

> Although "the governing standard as to whether a plea of guilty is voluntary for purposes of the federal Constitution is a question of federal law," questions of historical fact, including inferences properly drawn from such facts, are in this context entitled to the

8

> presumption of correctness accorded state court findings under 28 U.S.C.§ 2254(d).

*Parke v. Raley,* 506 U.S. 20, 35 (1992), *quoting Marshall*, 459 U.S. at 431.

The state bears the burden of showing the petitioner's plea was voluntary, intelligent, and knowing, and generally satisfies the burden by producing a transcript of the plea proceeding. *Stumpf v. Mitchell,* 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds by Bradshaw v. Stumpf,* 545 U.S. 175 (2005).

Here, the appellate court found the trial court did not coerce Mr. Jones into accepting the plea. The transcript of the plea hearing confirms the correctness of this conclusion. Before Mr. Jones entered his guilty plea, the trial court informed Mr. Jones of the possible consequences of going to trial and being convicted on all six counts and considered the possibility that certain counts would merge: "If you were convicted, you could and I don't know that you would get this, but that would be the maximum. Do you understand that, 60 years?" to which Mr. Jones replied in the affirmative. (Doc. 8-2, p. 287). At that time, the trial judge cleared the courtroom to afford Mr. Jones the opportunity to speak with counsel and his fiancée before deciding whether to accept the proposed plea. *Id.* at p. 289.

Once back on the record, Mr. Jones's trial counsel informed the trial court that Mr. Jones was willing to enter a plea, that Mr. Jones understood he would give up certain constitutional and statutory rights by entering a plea, and that his plea would be voluntary, without threats or promises. *Id.* at 291. The trial court then confirmed Mr. Jones understood the plea encompassed one count of rape and one count of aggravated robbery, and each count carried a possible penalty of three to ten years, which could be served concurrently or consecutively. *Id.* at 292. The trial court made Mr. Jones aware that by entering a plea he would give up his constitutional rights to a trial by jury or judge, to subpoena witnesses to appear and testify at trial, to confront and cross-

examine witnesses, to have the state prove his guilt by evidence beyond a reasonable doubt, and to remain silent. *Id.* at 297. Mr. Jones then plead guilty to one count of rape and one count of aggravated robbery. *Id.* at 298.

Immediately after the trial court accepted Mr. Jones's guilty plea, Mr. Jones relayed a concern to the court, stating "The rape charge. I didn't rape her." *Id.* at 300. Mr. Jones through counsel moved to withdraw the plea. *Id.* The trial court attempted to ascertain a reason for Mr. Jones's request, to which he stated, "I have a change of heart and I don't feel comfortable with that." *Id.* at 300-01. When told he needed a legal reason to withdraw his plea, Mr. Jones said he "was under the impression that it was just one count" of rape to which he would enter a plea. *Id.* at 301, 302.

The trial court reviewed the plea with Mr. Jones. "I went through your rights. You were told it was two counts. I told you it could be served consecutively. And when I asked you if you have any questions, you said no. And I asked you if you've been threatened or promised anything, and you said no." *Id.* at 302. The trial court then confirmed that Mr. Jones understood what rape and aggravated robbery mean, thereby affirming that he understood the nature of the charges to which he plead guilty. *Id.* at 303.

The appellate court's finding that the trial court did not coerce Mr. Jones into entering his plea was not based on an unreasonable determination of the facts and Mr. Jones has not presented clear and convincing evidence of such coercion. Additionally, the appellate court's adjudication of this claim is neither contrary to, nor did it involve an unreasonable application of, clearly established Federal law. As such, I recommend Ground One be denied on the merits.

**GROUND TWO: WITHDRAWAL OF GUILTY PLEA**

In Ground Two of the petition, Mr. Jones argues that because his plea was not knowing and voluntary, the trial court committed prejudicial error by denying his presentence motion to withdraw his guilty plea in violation of the Due Process Clause. In support, Mr. Jones notes he asserted a claim of actual innocence before the plea hearing concluded. Respondent argues Ground Two is not cognizable under federal habeas review because Mr. Jones does not have a federal constitutional right to withdraw his guilty plea. (Doc. 8, p. 61). I agree with Respondent.

To the extent Mr. Jones alleges he is entitled to relief because the trial court erred under Ohio law in denying his motion to withdraw his guilty plea, he raises a state law issue that is not cognizable in federal habeas proceedings. *See, e.g.*, *Xie v. Edwards*, No. 93-4385, 1994 WL 462143, at *2 (6th Cir. 1994) (holding that "the district court properly found that whether the trial court abused its discretion in denying Xie's motion to withdraw his plea is a question governed by Ohio's statutes and case law" and, therefore, "cannot support federal habeas relief absent a showing that the alleged error rendered the proceedings fundamentally unfair"); *see also Johnson v. Warden, Lebanon Corr. Inst.*, No. 1-23-cv-560, 2014 WL 935222, at *4 (S.D. Ohio March 10, 2014); *Rice v. Welch*, No. 3:10 CV 1916, 2014 WL 4794585, at *23 (N.D. Ohio Sept. 23, 2014).

This Court may not hear this claim. "[I]n the absence of a constitutional violation in the taking of the plea, a trial court's abuse of discretion in denying a subsequent motion to withdraw the plea does not trigger constitutional concerns." *Weaver v. Moore*, No. 1:06-CV-00557, 2008 WL 697705 (S.D. Ohio March 12, 2008). Having dispensed with Mr. Jones's Ground One claim that his plea was not knowing and voluntary, the remainder of Ground Two is not cognizable in the federal habeas context. This is because the claim rests on the proper application of state law,

11

Ohio Crim.R. 32.1, which provides that "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Therefore, I recommend that Ground Two be denied as not cognizable in this federal habeas proceeding.

### GROUND THREE: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In Ground Three, Mr. Jones argues he received ineffective assistance of trial counsel, a claim raised for the first time in his untimely application to reopen his direct appeal pursuant to Ohio App.R. 26(B). Respondent argues that some claims related to Ground Three were waived when Mr. Jones entered his guilty plea. A valid, unconditional guilty plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," unless expressly preserved in a plea agreement or at the plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007). This rule applies to claims of pre-plea ineffective assistance of counsel. *Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. July 5, 2016).

Under this rule, having made a knowing and voluntary plea, and having not specifically preserved them as grounds for an for appeal, Mr. Jones has waived the following claims of ineffective assistance by his trial counsel: that trial counsel did not prepare to argue the motion to dismiss for preindictment delay (Doc. 1, p. 15), did not prepare a defense to the charges prior to trial or prior to the change of plea hearing, *id.*, and failed to move for disclosure of the name of the victim in Count III. *Id*.

Mr. Jones's other claims supporting Ground Three allege as follows: trial counsel was not adequately prepared for a plea hearing and did not adequately inform and instruct Mr. Jones as to entering a guilty plea; trial counsel allowed Mr. Jones to enter a guilty plea despite the numerous

12

conversations in which Mr. Jones proclaimed innocence; and trial counsel was silent when the trial court asked Mr. Jones for a legal reason to withdraw his plea. *Id*. Respondent argues the remaining claims under Ground Three are procedurally defaulted. To the extent the claims could be fairly determined on evidence in the record, Respondent asserts that Mr. Jones's claims are barred by Ohio's doctrine of *res judicata. See State v. Perry,* 226 N.E.2d 104 (Ohio 1967).

Under Ohio law, issues that could have been raised on direct appeal but were not are barred from being raised later. *See State v. Cole,* 443 N.E.2d 169 (Ohio 1982) (holding that where defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and that issue could fairly have been determined without evidence outside the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief). Ohio's use of the *Perry* doctrine of *res judicata* is an adequate and independent state ground barring federal habeas review. *Coleman v. Mitchell,* 268 F.3d 417 (6th Cir. 2001).

Mr. Jones through new counsel filed a direct appeal and could have, but did not, raise any ineffective assistance of trial counsel claims. Nor did Mr. Jones file a post-conviction petition under Ohio Rev. Code § 2953.21 raising ineffectiveness claims, an avenue available for issues that require review of evidence not in the record on appeal.

Therefore, Mr. Jones's ineffective assistance of trial counsel claims are procedurally defaulted unless he can show cause for his failure to follow the state procedural rule and prejudice. "If a federal habeas petitioner is barred from presenting one or more of his claims in state courts because of procedural default, he has waived those claims for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error." *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

13

Ineffective assistance of appellate counsel can constitute cause to excuse procedural default for failure to raise an ineffective assistance of trial counsel claim. *See Murray v. Carrier,* 477 U.S. 478, 492 (1986); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005). However, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted," *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000), as is the case here.

Mr. Jones attempts to use ineffective assistance of appellate counsel as cause for the procedural default of his claims concerning ineffective assistance of his trial counsel, but his claim for ineffective assistance of appellate counsel is, itself, procedurally defaulted. In Ohio, such claims are raised in an application for reopening of the direct appeal under Ohio App.R. 26(B). *See State v. Davis*, 894 N.E.2d 1221, 1224-25 (Ohio 2008).

Mr. Jones did, in fact, file such a motion, but did so after the 90-day deadline passed and, as the state appellate court found, failed to demonstrate good cause for untimeliness. The appellate court also denied Mr. Jones's motion for reconsideration under Ohio App.R. 26(A). Mr. Jones did not appeal the decision to the Ohio Supreme Court and, therefore, his ineffective assistance of appellate counsel claims have never been fairly presented to the Ohio courts. Untimeliness of an application to reopen under Ohio App.R. 26(B) is an adequate and independent state procedural ground for the state appellate court's denial of the application. *Parker v. Bagley,* 543 F.3d 859, 862 (6th Cir. 2008). As such, *res judicata* bars Mr. Jones's claims, which are procedurally defaulted.

Mr. Jones argues that cause exists to excuse his failure to file a notice of appeal to the Ohio Supreme Court after the appellate court denied his application to reopen. Demonstrating cause to excuse procedural default requires showing that an "objective factor external to the

14

defense impeded efforts to comply" with the state procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Mr. Jones claims that by the time he learned of the appellate court's denial on reconsideration, it was past the forty-five-day deadline in which he could file his notice of appeal to the Supreme Court.

Indeed, the Eighth District Court of Appeals denied Mr. Jones's motion for reconsideration forty-four days after it denied Mr. Jones's application to reopen under Ohio App.R. 26(B). (Doc. 8-1, p. 248). The docket reflects that the Clerk mailed a copy of the judgment entry on that same day. *Id.*

The Ohio Supreme Court's rules of practice also provide that "[w]hen a party timely files an application for reconsideration in the court of appeals pursuant to App.R. 26(A)(1), the time for filing a notice of appeal from the court of appeals' entry of judgment shall be tolled." S.Ct.Prac.R. 7.01(A)(5)(a). Therefore, Mr. Jones could have, but did not, file a notice of appeal to the Ohio Supreme Court. He has not established cause to excuse procedural default. It is well settled that unfamiliarity with the law is not something "external to the defense" and does not establish cause. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), *citing Hanna v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995).

Cause does not excuse Mr. Jones's procedurally defaulted ineffective assistance of appellate counsel claims and cannot be cause to excuse the procedural default of his ineffective assistance of trial counsel claims.

Finally, Mr. Jones argues that, even if his ineffectiveness of trial counsel claims are procedurally defaulted, this Court can and should permit review of the claim in order to prevent a fundamental miscarriage of justice. The cause and prejudice test may be overlooked in an extraordinary case where the petitioner submits new and reliable evidence establishing that a

15

constitutional violation has probably resulted in the conviction of one who is actually innocent; in such circumstances, the habeas court may review the underlying merits of the claim in order to prevent a fundamental miscarriage of justice. *Schlup v. Delo,* 513 U.S. 298, 326-32 (1995); *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986); *Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006); *Lancaster v. Adams,* 324 F.3d 423, 436 (6th Cir. 2003).

Mr. Jones, however, has not submitted any new evidence of innocence. Instead, he rests his argument solely on his post-plea statement, "The rape charge. I didn't rape her." (Doc. 12, pp. 396, 415). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316.

For all of these reasons, I recommend that Ground Three be denied.

### GROUND FOUR: INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In Ground Four of his petition, Mr. Jones claims he did not receive effective assistance of appellate counsel. Specifically, Mr. Jones argues that appellate counsel was deficient for not raising all issues on direct appeal, including ineffectiveness of trial counsel and insufficiency of the evidence; failing to argue that Mr. Jones was not able to communicate with trial counsel prior to the plea agreement; not presenting his arguments as federal constitutional claims; and failing to seek plain error review after the trial court "improperly informed [Mr.] Jones of the maximum penalty prior to [Mr. Jones] entering a plea" and "failed to remain impartial throughout the plea process." (Doc. 1, pp. 17-18). Respondent argues that Ground Four is also procedurally defaulted because it has not been fairly presented to the state courts and is barred by Ohio's doctrine of *res judicata*.

Mr. Jones filed an untimely application to reopen his direct appeal pursuant to Ohio App.R. 26(B). The appellate court denied Mr. Jones's application based on his failure to show good cause for the untimely filing but did not otherwise address the merits of the application. Mr. Jones filed a motion for reconsideration under Ohio App.R. 26(A), which the appellate court also denied. Mr. Jones did not appeal the denial to the Ohio Supreme Court and thus, the claims have not been fairly presented to the state courts. As discussed above, Mr. Jones has not established cause to excuse procedural default of his ineffective assistance of appellate counsel claims nor has he presented new evidence of actual innocence that would allow this court to consider Ground Four on the merits to prevent a miscarriage of justice. Therefore, I recommend Ground Four be dismissed.

### GROUND FIVE: ACTUAL INNOCENCE

Aside from asserting actual innocence to excuse procedural default, Mr. Jones makes a freestanding claim of actual innocence in Ground Five of his petition. The United States Supreme Court and the Sixth Circuit Court of Appeals have ruled that when a habeas petitioner seeks a writ of habeas corpus based on a freestanding claim that he did not commit the crime for which he is in custody, the claim is not cognizable in federal court (except, potentially, in a capital case). *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007); *Zuern v. Tate,* 336 F.3d 478, 482 n.1 (6th Cir. 2003), *citing Herrera v. Collins*, 506 U.S. 390, 400 (1993).

The Supreme Court considered a free-standing innocence claim in *Herrera,* a capital case. In that instance, the petitioner, convicted for the murder of two police officers, alleged, *inter alia,* that because newly discovered evidence established his innocence, his execution would violate the due process clause of the constitution. *See* 506 U.S. at 396-97. In support, the petitioner alleged that his brother, now deceased, committed the murder and supplied affidavits

17

from his brother's attorney and his brother's former cellmate stating that petitioner's brother claimed to have committed the murders. *Id.* at 396. The Supreme Court held that, assuming, for the sake of argument, the existence of such a due process right, the petitioner's showing of alleged innocence was not strong enough to entitle him to federal habeas relief. *See id.* at 393, 417-19.

Mr. Jones's claim of actual innocence, supported by only a single conclusory statement after the trial court accepted his guilty plea, is not newly discovered evidence, nor is it persuasive. I recommend Ground Five be dismissed.

## CONCLUSION

For the reasons set out above, I recommend that the Court dismiss the petition in its entirety.

Dated: <u>July 27, 2021</u>

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

***ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time **WAIVES** the right to appeal the Magistrate Judge's recommendation. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985).*